**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

November 3, 2021

LETTER TO COUNSEL:

      RE:   *Michelle W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-2984

Dear Counsel:

      On October 15, 2020, Plaintiff Michelle W. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Michelle W. filed her application for SSI on May 31, 2017. Tr. 15. She alleged a disability onset date of October 31, 2014. *Id.* Her application was denied initially and upon reconsideration. *Id.* Michelle W. requested an administrative hearing and a hearing was held on January 6, 2020, before an Administrative Law Judge ("ALJ"). Tr. 40-66. In a written decision dated March 3, 2020, the ALJ found that Michelle W. was not disabled under the Social Security Act. Tr. 15-32. The Appeals Council denied Michelle W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Michelle W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Michelle W. had not engaged in substantial gainful activity since October 31, 2014, the alleged onset date. Tr. 17. At step two, the ALJ found that Michelle W. suffered from the following severe impairments: Hashimoto's thyroiditis, hypertension, residual effects of carpal tunnel syndrome, residual effects of right ankle surgery, obesity, degenerative joint disease of left knee, major depressive disorder, panic disorder, generalized anxiety disorder, and post-traumatic stress disorder. Tr. 17-18. At step three, the ALJ found Michelle W.'s impairments, separately and in combination, failed to meet or

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On September 30, 2021, it was reassigned to me.

equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-21. The ALJ determined that Michelle W. retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(b) except never climb ladders/ropes/scaffolds; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, but never crawl; frequent handling bilaterally; never be exposed to extreme cold/heat/humidity; can understand, remember and carry out simple instructions and make simple work related decisions. Can sustain an ordinary routine without special supervision. Can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasional interaction with coworkers and supervisors and the public. Can tolerate occasional changes in work setting.

Tr. 22.

At step four, the ALJ determined that Michelle W. is unable to perform past relevant work. Tr. 30. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Michelle W. can perform, including addresser, escort vehicle driver, and "document preparer microfilming." Tr. 31. Accordingly, the ALJ found that Michelle W. was not disabled under the Social Security Act. Tr. 31-32.

Michelle W. argues that the ALJ made a number of errors that warrant remand, which the Court summarizes as follows: (1) the ALJ improperly failed to apply the Treating Physician Rule when evaluating medical opinions from Michelle W.'s treating sources; (2) the ALJ improperly required Michelle W. to present objective evidence of her mental impairments; and (3) the ALJ improperly relied on expert testimony provided by the VE because the evidence was "not consistent with the Commissioner's rules," ECF No. 13-1 at 7.

Michelle W.'s first argument is that the ALJ's decision must be reversed because of the ALJ's improper evaluation of opinion evidence from her medical sources. ECF No. 13-1 at 3-4, 6-7. For claims filed on or after March 27, 2017 (such as the Michelle W.'s claim in this case), an ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including those from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers medical opinions and prior administrative medical findings using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with other evidence in the claim, and understanding of the disability program's policies and evidentiary requirements. *Id.* § 404.1520c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion. *Id.* § 404.1520c(a). The ALJ is not required to explain the consideration of the other three factors. *Id.* § 404.1520c(b)(2). And the ALJ need not articulate how he or she considered each opinion or finding. *Id.* § 404.1520c(b)(1).

Michelle W. argues that it is unfair that the new regulations apply to her disability claim but she does not present any substantive argument that the new regulations are arbitrary, capricious, or in excess of the Commissioner's rulemaking authority. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) ("We have held that '[w]here, as here, the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious.'") (quoting *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Accordingly, the Court finds that the ALJ appropriately applied the new regulations to her claim.

Michelle W. argues that the ALJ did not properly evaluate medical opinions from Pamela DiPesa, L.C.S.W, Erica Ingram, C.R.N.P., Edward Ansel, Ph.D., and Dr. Satterfield. The ALJ noted that Michelle W. began receiving therapy in July 2014 from Ms. DiPesa. Tr. 25. The ALJ acknowledged the "[n]umerous treatments notes" from Ms. DiPesa but noted that they were "all handwritten and difficult[] to read." *Id.* The ALJ also noted that Ms. DiPesa had completed mental status evaluation forms in 2017 and 2018, and then summarized the opinions expressed in these forms. *Id.* With regard to Ms. DiPesa's opinion in September 2019, the ALJ found that the opinion was not persuasive. Tr. 29. The ALJ explained that the marked and extreme limitations expressed in that opinion were inconsistent with Ms. DiPesa's mental status findings in 2017 and 2018, both of which indicated that Michelle W.'s difficulties were variable and mostly experienced under stress. *Id.* The ALJ explained that a limitation to simple work, not performed at a production rate pace (a term that the ALJ defined), and with only occasional changes would allow Michelle W. to perform work without experiencing the type of stress that would bring out her worst symptoms. Inasmuch as the ALJ's evaluation of Ms. DiPesa's opinion turned on the relevant factors of supportability and consistency, it complied with the governing legal standards.[2] Further, the ALJ's rejection of Ms. DiPesa's opinion is supported by substantial evidence.

The ALJ's evaluation of Erica Ingram's opinion was also appropriate. The ALJ summarized the claimant's course of treatment with Ms. Ingram. The ALJ explained that Ms. Ingram's notes indicate that the claimant had experienced some improvement as her medication

---

[2] In her reply brief, Michelle W. argues that "the ALJ does not get credit" for reviewing the "166 pages of handwritten notes from 2014 to early 2019" that Ms. DiPesa submitted. This is because, she argues, the ALJ did not specifically reference the notes (other than saying that they were handwritten and difficult to read). The Court rejects this argument. The ALJ acknowledged the existence of these records. And there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Michelle W. summarizes what she believes the ALJ missed in her reply brief (a narrative largely based on Michelle W.'s disagreements with a former employer in 2014, her preoccupation with this former employer, the death of a pet in 2015, her efforts to turn her story into a work of art, that she shared homemade applesauce with her therapist, that she bought a punching bag in 2017 "so she could fantasize she was punching" her former employer, and the purported trauma she continued to experience through 2017 connected with her former employer). ECF No. 15 at 4. It is hard to see how any of this could have had a bearing on the ALJ's decision in this case, particularly when Ms. DiPesa's opinions were summarized in reports from 2017, 2018, and 2019.

3

regimen was adjusted. The ALJ rejected Ms. Ingram's opinion regarding the claimant's marked limitations because it was inconsistent with her own findings. The ALJ noted that Ms. Ingram "began seeing the claimant in April 2019, at which time mental status findings were generally unremarkable, except for her mood, which involved anxiety, sadness, and worry. Adjustments to her medication regimen resulted in improvement. Anxiety/stress was noted only in connection with particular upcoming events, such as the claimant's hearing and surgery." Tr. 30. By limiting the claimant to simple work, with restrictions on pace and changes in the work setting, the ALJ accounted for Michelle W.'s limitations in the RFC. Because the ALJ considered the supportability and consistency of Ms. Ingram's opinion, the Court finds that the ALJ applied the appropriate legal standards and that her findings as to Ms. Ingram are supported by substantial evidence.

The ALJ also appropriately considered the opinion of Edward Ansel, Ph.D. Tr. 27, 30. The ALJ rejected Dr. Ansel's opinion that the claimant had certain marked limitations because Dr. Ansel's opinion was not supported by any specific findings and because the opinion was not consistent with parts of his own treatment notes. Tr. 30. The ALJ also explained that the difficulties that the claimant experiences when under significant stress can be accommodated by restrictions in the RFC. *Id.* Because the ALJ's evaluation of Dr. Ansel's opinion took into account the factors of supportability and consistency, the claimant's argument that remand is warranted on this basis is without merit.

Michelle W. argues (or at least implies) that the ALJ erroneously rejected the opinion of her primary care doctor, Lisa Satterfield. ECF No. 13-1 at 3. This argument is without merit. In considering Dr. Satterfield's opinion about the claimant's functional limitations, the ALJ noted as follows:

> Dr. Satterfield's opinion is speculative. It was provided prior to the claimant's surgery with what the doctor "thought" the claimant's status would be, without any updates. Although the claimant presented to the hearing not able to bear weight on the right foot, there are no recent examination findings showing either improvement or regression. The undersigned cannot rely on an opinion of what the doctor thought would occur with the claimant without any updated records showing actual examination findings post-operatively. Giving the claimant the benefit of the doubt, however, the undersigned finds that the claimant is limited to a reduced range of sedentary level work.

Tr. 28-29. The ALJ's reasons for rejecting Dr. Satterfield's overly restrictive and speculative opinion are sound. Michelle W.'s argument to the contrary is not persuasive.

Next, Michelle W. argues that the ALJ improperly required her to "prove mental disease by objective medical evidence." ECF No. 13-1 at 5. Specifically, she argues that the ALJ improperly rejected her complaints in connection with the intensity, persistence, and limiting effects of her mental impairments and Hashimoto's thyroiditis for lack of objective evidence. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. Id. § 416.929(b). Once the

4

claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. Id. § 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. Id. To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. § 404.1529(2). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* A claimant is entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ properly evaluated the claimant's subjective complaints. Contrary to Michelle W.'s argument, the ALJ did not reject her complaints simply for lack of objective evidence. Michelle W's mental impairments and Hashimoto's thyroiditis produce both subjective and objective symptoms. The ALJ appropriately considered both types of symptoms in evaluating the intensity, persistence, and limiting effects of the impairments. The ALJ considered Michelle W.'s testimony about her symptoms, including the panic attacks that occur several times per month, the times when she loses touch with reality, her night terrors, and the concomitant fatigue and brain fog she experiences. Tr. 21-23. At the same time, the ALJ noted that Michelle W.'s complaints were not entirely consistent with other evidence, including her activities of daily living, her history of conservative treatment for Hashimoto's thyroiditis, and the mental status reports with largely normal findings. *Id.* Under the governing legal standards, the ALJ was obliged to consider all evidence, objective and subjective, in connection with her evaluation of the claimant's subjective complaints. The ALJ did not improperly rely solely on the presence or absence of objective evidence in determining the limiting effects of the claimant's symptoms. Accordingly, Michelle W.'s argument on this point is unavailing.[3]

---

[3] In a related argument, Michelle W. contends that the ALJ improperly relied on the opinions of the State agency medical and psychological consultants because the consultants' opinions discounted the claimant's statements about the intensity, persistence, and limiting effects of her symptoms because of a lack of objective evidence. ECF No. 13-1 at 5-6. The Court rejects this argument. First, the State agency consultants considered both subjective and objective evidence in forming their opinions, as they are required to do. Second, the ALJ is responsible for evaluating a claimant's subjective statements, not the State agency consultants. 20 C.F.R. § 404.1529(c)(4). As explained above, the ALJ's evaluation of the claimant's subjective complaints was appropriate. Finally, the Court notes that the ALJ did not find the opinions of the State agency medical consultants to be persuasive and that the ALJ found that the claimant's obesity constituted a severe impairment. Michelle W.'s arguments concerning the ALJ's consideration of the opinions of the State agency consultants are no basis for remand.

Michelle W.'s final argument is that the ALJ's step five finding is not supported by substantial evidence. She argues that the ALJ improperly relied on VE testimony without resolving a conflict between the testimony and the Dictionary of Occupational Titles ("DOT"), and because two of the jobs identified by the VE are obsolete. As to the issue of an unresolved conflict, the Court rejects the claimant's argument because there is no apparent conflict. The VE testified that an individual with the claimant's RFC could perform work as an escort driver. Tr. 31. Such a job requires "frequent handling," which the VE testified comports with the claimant's RFC limitations. The claimant argues that an escort driver position should require more than frequent handling because "no one wants to envision an escort driver in charge of helping to transport overloaded and oversized materials, who is only grasping at the wheel for 1/3 – 2/3 of their working day." ECF No. 13-1 at 7-8. While the claimant may disagree with how the DOT characterizes the handling requirements of this job, it does not present a conflict with the VE's testimony. Under the governing regulations, the agency has taken administrative notice of the "reliable information" contained in the DOT, and the ALJ was permitted to accept the VE's testimony that the claimant could perform work as an escort driver.

In the second part of her argument, Michelle W. contends that the jobs of addresser and microfilm document preparer are obsolete. This may be true. But because the VE identified a third occupation that the claimant can perform (escort driver), any error by the ALJ in relying on the VE's testimony regarding the claimant's ability to perform obsolete work is harmless. *See Applefeld v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-517, 2018 WL 1136571, at *5 n.1 (D. Md. Mar. 1, 2018) (noting that while two of the hypothetical jobs identified by a VE—photocopy operator and retail price marker—are obsolete, the case was not subject to remand because the VE identified a third position—garment sorter—that was not obsolete). Accordingly, Michelle W.'s argument on this point is not a basis for remand.

For the reasons set forth herein, Michelle W.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

    Sincerely yours,

    /s/
    Timothy J. Sullivan
    United States Magistrate Judge